**Maria Teresita M. PREPANA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–73325.

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2008.*

Filed Sept. 17, 2008.

Russell L. Marshak, Esq., Popkin Shamir & Golan, Los Angeles, CA, for Petitioner.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Susan K. Houser, Esq., U.S. Department of Justice, Civil Div./Office of Immi-

gration Lit., Washington, DC, for Respondent.

Before: SKOPIL, FARRIS, and BEEZER, Circuit Judges.

MEMORANDUM **

Maria Teresita Managan Prepana[1] ("Prepana") petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of an appeal from an Immigration Judge's ("IJ") decision ordering her excluded and removed from the United States. We have jurisdiction under 8 U.S.C. § 1252. We review questions of law and constitutional questions de novo. *See Vasquez–Zavala v. Ashcroft,* 324 F.3d 1105, 1107 (9th Cir.2003). We deny the petition for review. The facts of the case are known to the parties and we do not repeat them here.

**I**

Prepana argues that the exclusion proceedings should have been terminated because she was not properly served with the I–122 charging document. Prepana had actual notice of the proceedings and, in fact, attended her exclusion hearing. Prepana's actual notice forecloses any argument that the exclusion proceedings should have been terminated for improper service of the charging document. *See, e.g., Kohli v. Gonzales,* 473 F.3d 1061, 1069 (9th Cir.2007) (holding that a defect in

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Prepana has married and changed her last name to Zipagan.

notice is not jurisdictional when the alien has actual notice).

## II

Prepana argues that her placement in exclusion proceedings was improper because she had "entered" the United States. The Ninth Circuit defines entry as "(1) a crossing into the territorial limits of the United States, *i.e.*, physical presence; (2)(a) inspection and admission by an immigration officer, or (b) actual and intentional evasion of inspection at the nearest inspection point; and (3) freedom from official restraint." *Sidhu v. Ashcroft*, 368 F.3d 1160, 1163–64 (9th Cir.2004). Prepana bears the burden of establishing that her exclusion proceedings were improper, and to sustain this burden, she must prove that she made an "entry" into the United States. *See* 8 U.S.C. § 1361.

Prepana has failed to satisfy her burden of proof on these elements. Prepana did not testify at her exclusion hearing. She did not present the testimony of any witnesses whatsoever, nor did she submit affidavits from the attorney or other aliens who were allegedly with her at the border. Of the documentary evidence in the record, only Prepana's affidavit itself is evidence of what actually transpired at the border on April 26, 1995, and this version of events was not subject to cross-examination at the hearing. Prepana had the burden of proving entry, and her proffer of evidence falls short of this burden.[2]

## III

Prepana argues that the manner in which her exclusion hearing was conducted violated her statutory, regulatory and due process rights to a fair hearing. Due process requires "a full and fair hearing of [one's] claims and a reasonable opportunity to present evidence." *Salgado–Diaz v. Gonzales*, 395 F.3d 1158, 1162 (9th Cir. 2005) (quoting *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000)). "As a predicate to obtaining relief for a violation of procedural due process rights in immigration proceedings, an alien must show that the violation prejudiced [her]." *Padilla v. Ashcroft*, 334 F.3d 921, 924–25 (9th Cir. 2003) (quoting *Ramirez–Alejandre v. Ashcroft*, 320 F.3d 858, 875 (9th Cir.2003)).

Prepana had a full and fair hearing, and counsel for both parties had ample opportunity to present their arguments. Prepana also cannot demonstrate prejudice because the outcome of the proceedings were not affected by the manner in which the hearing was conducted.[3]

**Petition for review DENIED.**

---

2. Prepana argues at length regarding the IJ's determination that a person who crosses the border does not "enter" when she is subject to deferred inspection proceedings at the time that she crossed the border. This issue need not be addressed because Prepana has failed to prove she otherwise "entered" the United States.

3. Prepana has not identified any statute or regulation that would alter this analysis.